J. S71004/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KRISTOPHER HEGGINS, | : | No. 1562 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, July 21, 2014,
in the Court of Common Pleas of Allegheny County
Criminal Division at Nos. CP-02-CR-0007504-2000,
CP-02-CR-0007508-2000

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND OTT, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MARCH 15, 2016**

Kristopher Heggins appeals from the July 21, 2014 order dismissing his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, following his convictions of second-degree murder, robbery, and conspiracy.[1]   We reverse and remand for resentencing.

The trial court provided the following procedural history:

> [Appellant] was charged with Criminal Homicide, Robbery, and Criminal Conspiracy in connection with the shooting death of Salvatore Brunsvold.  At the time of Mr. Brunsvold's death, [appellant] was 16 years old.  Following a jury trial held before [the trial court] in September, 2000, [appellant] was convicted of Second-Degree Murder and the remaining charges.  The judgment of sentence was

---

[1] 18 Pa.C.S.A. §§ 2502(b), 3701, and 903, respectively.

affirmed by the Superior Court on September 18, 2002 and his Petition for Allowance of Appeal was denied by the Pennsylvania [Supreme] Court on June 20, 2003.[2]

On March 17, 2004, [appellant] filed a **pro se** Post Conviction Relief Act Petition. Richard Narvin, Esquire, was appointed to represent [appellant,] and after several delays, an Amended PCRA Petition was filed on July 16, 2007. [The trial court] initially dismissed the Amended Petition, but after reviewing counsel's Motion to Reconsider, [the trial court] vacated the dismissal and scheduled an evidentiary hearing on the Amended Petition. Several changes of counsel and corresponding postponements ensued, and the evidentiary hearing was eventually held on April 21, 2010.

Following the evidentiary hearing, [the trial court] thoroughly reviewed the record and trial transcripts in their entirety. On September 22, 2010, [the trial court] convened a second PCRA hearing at which time it found that trial counsel was ineffective for failing to object to the testimony of the Danville Correctional Institute witnesses regarding [appellant's] supposed gang membership and past criminal activity and also for introducing [appellant's] otherwise inadmissible prior convictions. Consequently, [the trial court] granted collateral relief in the form of a new trial. The Commonwealth appealed the award of a new trial and the Superior Court reversed [the trial court's] Order on May 9, 2012.[3] Reargument was subsequently denied on August 9, 2012. No further action was taken until [appellant] sought, and was granted, leave to file a Petition for Allowance of Appeal **Nunc Pro Tunc**. The Petition for Allowance

---

[2] **See Commonwealth v. Heggins**, 809 A.2d 908 (Pa.Super. 2002), **appeal denied**, 827 A.2d 430 (Pa. 2003).

[3] **See Commonwealth v. Heggins**, No. 1554 WDA 2010, unpublished memorandum (Pa.Super. filed May 9, 2012).

of Appeal was filed and was denied on August 27, 2013.[4]

While the appeal of [the trial court's] Order for a new trial was pending, [appellant] filed a counseled Post Conviction Relief Act Petition, his second, on July 10, 2012, raising a claim pursuant to **Miller v. Alabama**, 132 S.Ct. 2455 (U.S. 2012). However, shortly thereafter, he filed a Petition to Withdraw the PCRA Petition, and [the trial court] granted that request on July 23, 2012.

On October 24, 2013, [appellant] filed a **pro se** "Post Conviction Relief Act Continuance/Extension of Original PCRA Petition," which he attempted to characterize as a second amendment to his 2004 PCRA Petition but was, in actuality, his third PCRA Petition. J. Richard Narvin, Esquire, was appointed to represent [appellant], though [appellant] later sought to have Mr. Narvin removed from the case due to a "personality" difference. That motion was denied. Thereafter, Mr. Narvin filed a **Turner**[5] "No Merit" Letter citing the untimeliness of the Petition and sought permission to withdraw from the representation, which [the trial court] then permitted. After giving appropriate notice of its intent to do so and reviewing [appellant's] response thereto, [the trial court] dismissed [appellant's] third PCRA Petition on August 18, 2014.

Trial court opinion, 1/9/15 at 1-3 (footnotes omitted). Appellant filed a notice of appeal on September 9, 2014. The trial court ordered appellant to produce a concise statement of errors complained of on appeal pursuant to

---

[4] **Commonwealth v. Heggins**, 74 A.3d 125 (Pa. 2013).

[5] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988).

Pa.R.A.P. 1925(b), and appellant complied. The trial court has issued an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues for our review:

1. Whether the PCRA court erred when it dismissed [appellant's] October 24, 2013 *pro se* petition as untimely when the PCRA court failed to address all of [appellant's] original PCRA issues?

2. Whether trial counsel was ineffective in failing to file a post sentence motion to preserve the claim of the verdict being against the weight of the evidence under *Strickland v. Washington*?

3. Whether [appellant] asserts that his mandatory sentence of life without parole is unconstitutional under the 8th Amendment to the United States Constitution, as expressed in *Miller v. Alabama*?

4. Whether PCRA counsel was ineffective under *Martinez v. Ryan* for failing to raise trial counsels [sic] ineffectiveness under *Strickland v. Washington* for failing to object to the release and admission of [appellant's] treatment records and use of such records and information to initiate and substantiate criminal charges under the confidentiality provision of the Pennsylvania Drug and Alcohol Abuse Act?

5. Whether PCRA counsel is ineffective under *Martinez v. Ryan* for failing to raise appellate counsels [sic] ineffectiveness under *Strickland v. Maryland* [sic] for failing to raise on appeal that there was insufficient evidence to sustain the verdict for second-degree murder, robbery, and conspiracy?

6. Whether PCRA counsel was ineffective under *Martinez v. Ryan* for failing to raise trial

- 4 -

counsels [sic] ineffectiveness under ***Strickland v. Washington*** for calling Phillip Jackson and eliciting highly prejudicial testimony against [appellant]?

7. Whether PCRA counsel was ineffective under ***Martinez v. Ryan*** for failing to raise trial counsels [sic] ineffectiveness under ***Strickland v. Washington*** for failing to object and request a mistrial to the highly prejudicial testimony from Sherry Brunsvold which had the effect of inspiring sympathy for the victim?

8. Whether PCRA counsel is ineffective under ***Martinez v. Ryan*** for failing to raise the trial courts [sic] error in not reading the proposed charge that the jury was required to find [appellant's] confession voluntary before it could be used in judging guilt or innocence?

9. Whether the trial court erred in not granting [appellant] a new trial based on the after discovered evidence where George Robinson was convicted of shootings in which he used the same gun that was used in the murder of Salvatore Brunsvold, and for failing to grant petition to approve the hiring of criminalist?

10. Whether PCRA counsel was ineffective under ***Martinez v. Ryan*** for failing to raise trial counsel ineffectiveness under ***Strickland v. Washington*** based on the cumulative effect of counsel's deficiencies, and the accumulated effect of all the errors?

Appellant's brief at 2(b) (capitalization omitted).

Subsequent PCRA petitions beyond a petitioner's first petition are subject to the following standard:

A second or subsequent petition for post-conviction relief will not be entertained unless a strong ***prima facie*** showing is offered to demonstrate that

a miscarriage of justice may have occurred. ***Commonwealth v. Allen***, 557 Pa. 135, 141, 732 A.2d 582, 586 (1999). A ***prima facie*** showing of entitlement to relief is made only by demonstrating either that the proceedings which resulted in conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or the defendant's innocence of the crimes for which he was charged. ***Allen***, at 142, 732 A.2d at 586. Our standard of review for an order denying post-conviction relief is limited to whether the trial court's determination is supported by evidence of record and whether it is free of legal error. ***Commonwealth v. Jermyn***, 551 Pa. 96, 709 A.2d 849, 856 (1998).

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment becomes final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). PCRA time limits are jurisdictional in nature, implicating a court's very power to adjudicate a controversy. ***Commonwealth v. Fahy***, 558 Pa. 313, 737 A.2d 214 (1999). Accordingly, the "period for filing a PCRA petition is not subject to the doctrine of equitable tolling," instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended, ***i.e.***, by operation of one of the statutorily enumerated exceptions to the PCRA time-bar. ***Id.*** at 329, 737 A.2d at 222.

***Commonwealth v. Ali***, 86 A.3d 173, 176-177 (Pa. 2014), ***cert. denied***, 135 S.Ct. 707 (2014). Before we can begin to address appellant's issues on the merits, we must first determine if we have jurisdiction to do so.

As noted ***supra***, a PCRA petitioner has one year from the date his or her judgment of sentence becomes final in which to file a PCRA petition. This court has held the following regarding when a judgment becomes final:

> The plain language of the PCRA provides that a judgment of sentence becomes final at the conclusion of direct review or when the time for seeking direct review expires. ***See*** 42 Pa.C.S.A. § 9545(b)(3). In fixing the date upon which a judgment of sentence becomes final, the PCRA does not refer to the conclusion of collateral review or the time for appealing a collateral review determination. Thus, the plain language of the PCRA statute shows that a judgment of sentence becomes final immediately upon expiration of the time for seeking direct review, even if other collateral proceedings are still ongoing. As this result is not absurd or unreasonable, we may not look for further manifestations of legislative intent. ***See Commonwealth v. Hall***, 80 A.3d 1204, 1211 (2013) (internal quotation marks omitted) (We may "look beyond the plain language of the statute only when words are unclear or ambiguous, or the plain meaning would lead to a result that is absurd, impossible of execution or unreasonable.").

***Commonwealth v. Callahan***, 101 A.3d 118, 122 (Pa.Super. 2014). Specifically, we have determined that the judgment of sentence becomes final when the period for [the petitioner] to file a petition for a writ of ***certiorari*** with the Supreme Court of the United States expires. ***Commonwealth v. Miller***, 102 A.3d 988, 993 (Pa.Super. 2014). That period of time expires 90 days after the Supreme Court of Pennsylvania enters its judgment or denial of appeal. Sup. Ct. R. 13.

In the instant case, this court rendered its decision on direct appeal on September 18, 2002. **See Heggins**, 809 A.2d at 908. Appellant petitioned our supreme court for an allowance of appeal, which was denied on June 20, 2003. **See Heggins**, 827 A.2d at 430. Appellant did not file a petition for writ of **certiorari** with the Supreme Court of the United States. Therefore, his judgment became final on or about September 18, 2003. Appellant filed the instant petition on October 23, 2013--over ten years after his judgment became final and over nine years after a PCRA petition could be considered timely. **See** 42 Pa.C.S.A. § 9545(b)(1). Therefore, we do not have jurisdiction to review issues 1, 2, 4, 5, 6, 7, 8, or 10 because they are facially untimely.

As noted **supra**, the PCRA does enumerate exceptions to the one-year requirement. A petitioner may file a petition under the PCRA after one year has passed from the final judgment of sentence for any of the following reasons:

> . . . .
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b). Any claims made under this exception must be filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

In his third issue for our review, appellant claims that his sentence violated a newly recognized constitutional right pursuant to the United States Supreme Court's decision in **Miller v. Alabama**, 132 S.Ct. 2455 (2012). In order for appellant's petition relating to **Miller** to be timely, he would ordinarily be required to file it within 60 days of the Supreme Court's decision.

In the instant case, appellant had 60 days from the Pennsylvania Supreme Court's denial of appeal of his first PCRA petition to file a **Miller** claim because he could not file a subsequent PCRA petition while a petition was pending. **See Commonwealth v. Porter**, 35 A.3d 4, 14 (Pa. 2012), citing **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) ("a PCRA trial court cannot entertain a new PCRA petition when a prior petition is still under review on appeal"); 42 Pa.C.S.A. § 9545(b)(2). The Supreme Court announced its **Miller** decision on June 25, 2012. At that time, appellant's first PCRA petition was being considered for reargument by this court, and our supreme court would ultimately deny a petition for allowance of appeal on August 27, 2013. Under the PCRA, appellant had until October 27, 2013 to file a **Miller** claim. He filed the instant petition on October 23, 2013;

therefore, his petition is timely, and we shall review his *Miller* claim on its merits.

The *Miller* Court held that mandatory sentences of life imprisonment without the possibility of parole for juvenile offenders violated the Eighth Amendment. *Miller*, 132 S.Ct. at 2469. *Miller*, however, did not address whether its newly recognized constitutional right applied retroactively. That issue was addressed by our supreme court in *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013), *cert. denied*, 134 S.Ct. 2724 (2014). In *Cunningham*, the court found that *Miller* protections did not apply retroactively in Pennsylvania. *Id.* at 11.

While this appeal was pending in this court, the United States Supreme Court announced its decision in *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). The *Montgomery* Court held that its decision in *Miller* "announced a substantive rule of constitutional law." *Id.* at 734. Specifically, the Court stated that, "*Miller*'s conclusion that the sentence of life without parole is disproportionate for the vast majority of juvenile offenders raises a grave risk that many are being held in violation of the Constitution." *Id.* at 736.

In order to prevent such harm, the Court found that substantive rules, much like the rule announced in *Miller*, must be retroactive, "because [they] '"necessarily carr[y] a significant risk that a defendant"'--here, the vast majority of juvenile offenders--'"faces a punishment that the law cannot impose upon him."'" *Id.* at 734, quoting *Schriro v. Summerlin*, 542 U.S.

348, 352 (2004) (citations omitted). Therefore, **Cunningham**'s tenet that

**Miller** cannot be applied retroactively is no longer good law in Pennsylvania.

A recent panel of this court analyzed the further implications of

**Montgomery** on Pennsylvania case law.

> We now turn our attention to the implications arising from **Commonwealth v. Abdul-Salaam**, 812 A.2d 497, 501 (Pa. 2002) (holding: "[T]he language 'has been held' in 42 Pa.C.S. § 9545(b)(1)(iii) means that a retroactivity determination must exist **at the time that the petition is filed**") (emphasis added).
>
> The instant case represents an example of the unique situation implicating those PCRA petitions seeking **Miller** relief which were filed in the time gap following **Miller** but before **Montgomery**. . . . . When Appellant filed his petition, the various jurisdictions were still trying to decide if **Miller** was available on collateral review but were doing so without the benefit of **Montgomery**. Appellant's petition was ultimately decided under **Cunningham**, **supra** and denied. We recognize that similar "gap" cases are in the appellate system awaiting disposition . . .
>
> Therefore, we now hold that the best resolution of this dilemma is to interpret **Montgomery** as making retroactivity under **Miller** effective as of the date of the **Miller** decision. In this way, we satisfy the "has been held" conditional language enunciated in **Abdul-Salaam**, **supra**.

**Commonwealth v. Secreti**, 2016 WL 513341 (Pa.Super. 2016) at *5-6

(citations reformatted).

As a result, appellant has proven by a preponderance of the evidence

that the right he is asserting is a constitutional right recognized, in this case,

by the Supreme Court of the United States to apply retroactively. The trial court sentenced appellant, who was 16 years old at the time of the offense, to a mandatory sentence of life imprisonment without the possibility of parole. In light of the Supreme Court's recognition in *Miller* that such a sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment, and the Court's recent retroactive application of *Miller* in *Montgomery*, we reverse the trial court's order with respect to this issue only, and remand for re-sentencing.

In appellant's ninth issue, he raises a claim of after-discovered evidence. Specifically, he claims that he should be entitled to a new trial based on evidence possibly implicating George Robinson in the shooting death of Mr. Brunsvold, for which appellant was convicted. (*See* appellant's brief at 35-36.) In order to raise an exception to the time-bar rule, the exception "must be specifically pleaded or [it] may not be invoked." *Commonwealth v. Liebensperger*, 904 A.2d 40, 46 (Pa.Super. 2006), citing *Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999), 42 Pa.C.S.A. § 9543(a).

Here, appellant failed to specifically invoke the after-discovered evidence exception to the PCRA's time-bar rule in his brief. (*See* appellant's brief at 35-36.) Even if appellant had invoked the time-bar exception for after-discovered evidence, the exception would not apply in this case. Appellant first raised the issue of Mr. Robinson's potential involvement in a

motion for a new trial based on after-discovered evidence that was filed on August 7, 2001.[6] (**See** Docket #27.) Due to the fact that appellant had knowledge of this evidence as early as August 7, 2001, the after-discovered evidence exception to the time-bar rule does not apply. Therefore, we do not have jurisdiction to review appellant's ninth issue.

Order reversed; case remanded for resentencing. Appellant's petition to remand to lower court is denied for mootness. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2016

---

[6] We note that this issue was also included in appellant's first PCRA petition that was filed on March 17, 2004, and in his amended petition that was filed on July 16, 2007. (Docket # 33, 48.)